Joyce **LANE**

v.

Hugh Montgomery **RICHARDS**.

No. 2007–CA–000083–MR.

Court of Appeals of Kentucky.

June 13, 2008.

Bobby G. Wombles Lexington, KY, for appellant.

David A. Trevey, Calvin R. Fulkerson, Lexington, KY, for appellee.

Before ACREE and LAMBERT, Judges; ROSENBLUM,[1] Senior Judge.

## OPINION

ACREE, Judge.

Joyce Lane appeals the Laurel Circuit Court's grant of summary judgment in favor of Hugh Montgomery Richards resulting in the dismissal of her professional malpractice claim against him. We disagree with the circuit court's finding that Lane filed her suit outside the one-year statute of limitations and therefore reverse and remand.

In reviewing a grant of summary judgment, our inquiry focuses on whether the trial court correctly found that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 480 (Ky.1991). "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft,* 916 S.W.2d 779, 781 (Ky. App.1996).

If there are no genuine issues as to all of the material facts necessary for the trial court to determine that a statute of limitations bars a claim, we are simply applying the law to those facts *de novo.*

---

1. Senior Judge Paul W. Rosenblum sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

■ The facts of the case are not in dispute. Lane retained Richards in April of 1998 to represent her in an action in federal district court against the Bell County School Board for various violations of federal law. The district court dismissed her claim on February 11, 2002. Lane then retained H. Wayne Roberts to represent her in her appeal to the Court of Appeals for the Sixth Circuit. The court dismissed that appeal on August 12, 2003.

On September 12, 2003, Roberts wrote a letter to Lane informing her of the dismissal. Roberts further stated in his letter that he would not continue to represent her in the prosecution of any further proceedings because he believed an appeal to the United States Supreme Court would be futile. Furthermore, he correctly informed her that she had ninety days from August 12, 2003, to file the writ of certiorari with that court. Also, Roberts expressed his view that Lane had a malpractice claim against Richards. Finally, he expressed what proved to be a conservative and cautious view that Lane had one year from August 12, 2003, to file such a claim.

Without Roberts to represent her in her pursuit of relief before the United States Supreme Court, Lane retained Thomas Grady in October 2003 to do so. Shortly after she paid him a $7,000 retainer, Grady told Lane verbally that he had timely filed the writ and that she should expect a ruling from the Supreme Court between April and December 2004. On March 23, 2004, Grady wrote to Lane stating, "[a]s soon as I hear from the Supreme Court I will let you know."

The record shows that on July 28, 2004, Lane wrote either to Grady or his firm. Five months later, on December 28, 2004, one of the firm's partners responded.

Mr. Grady's service with this firm has been terminated.... Mr. Grady pre-pared a Writ of Certiorari in the Supreme Court but never filed it.

This means that her claim against the school board terminated on or about November 11, 2003, when the time for petitioning the Supreme Court expired. Lane received this letter on December 31, 2004. Though she learned of Richards' alleged negligence in September 2003, December 31, 2004, is the date on which she discovered her alleged injury. Lane filed the underlying suit against Richards less than one year later, on November 3, 2005.

Kentucky Revised Statute (KRS) 413.245 provides, in relevant part:

■ civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.

The statute actually describes two different limitations periods. The first is one year from the date of the "occurrence." The second is one year from the date of the actual or constructive discovery of the cause of action. *Michels v. Sklavos*, 869 S.W.2d 728, 730 (Ky.1994). Under both, we must determine when the cause of action accrued.

In the context of the "occurrence" limitations period, a "cause of action is deemed to accrue in Kentucky where negligence and damages have both occurred.... [T]he use of the word 'occurrence' in KRS 413.245 indicates a legislative policy that there should be some definable, readily ascertainable event which triggers the statute." *Queensway Financial Holdings Ltd. v. Cotton & Allen, P.S.C.*, 237 S.W.3d 141, 147 (Ky.2007). We know that Roberts alerted Lane to Richards' negligence on or about September 12, 2003. But this is not

enough to establish a cause of action. Damages must also have occurred.

We know that as long as the Sixth Circuit's decision was not yet final, the "irrevocable non-speculative injury" necessary for accrual of the cause of action had yet to occur. *Id.* (citation and quotation marks omitted). Had Lane brought suit against Richards before that occurrence, her claim of negligence against Richards would have been dismissed. *Michels,* 869 S.W.2d at 731–32.

However, on or about November 11, 2003, when no writ for certiorari was filed, Lane's original claim against the school board terminated adversely to her. She did not then know she was damaged, but for purposes of the "occurrence" limitations period, her damages had occurred. The "occurrence" limitations period ended one year later, on or about November 11, 2004. Since she did not file the complaint against Richards until November 3, 2005, Lane's claim was not timely relative to the "occurrence" limitations period.

The circuit court concluded, however, that Lane brought her claim against Richards too late under the "discovery" limitations period as well.

> Lane argues that the date of discovery statute of limitations did not begin to run until the December 2004 letter alerted her of her case's final disposition since her attorney had failed to file. According to *Faris* [*v. Stone,* 103 S.W.3d 1 (Ky.2003)] the date of discovery one-year period begins to run when the client learns her case had been negligently handled. However, the date of discovery period is only operable *if* it is later in time than the occurrence. *See Michels* [*supra*] and *Alagia, Day, Trautwein & Smith v. Broadbent,* 882 S.W.2d 121 (Ky.1994).

We believe this interpretation is in error. ■ "The second or 'discovery' limitation period begins to run when the *cause of action* was discovered or, in the exercise of reasonable diligence, should have been discovered." *Queensway,* 237 S.W.3d at 147 (emphasis supplied). We note that the Supreme Court does not agree with the circuit court's holding that the statute begins running when the negligence alone is discovered. We understand the Supreme Court's requirement that *"the cause of action"* be discovered to mean that *all elements* of the cause of action be known or discoverable. Knowledge of less than all elements of a tort claim, such as knowledge of the negligence without knowledge of the harm, is insufficient to begin running the limitations period. *Michels,* 869 S.W.2d at 731–32.

Application of this "discovery" limitations period requires that we look at other material facts of this case about which there is no genuine issue. We know Lane discovered Richards' negligence when she received Roberts' September 12, 2003, letter. We also know the "occurrence" of Lane's injury was on or about November 11, 2003. The critical question is when should Lane have discovered that Richards' negligence had resulted in her "irrevocable, non-speculative injury"?

Lane was unaware of her injury, and therefore that her cause of action had accrued, because Grady assured her he had taken on her case, that he had drafted a writ, and that he had filed it with the United States Supreme Court. Grady continued to reassure Lane that her appeal was on track well after he failed to file the writ, *i.e.,* well after the occurrence of her injury and the accrual of her cause of action against Richards under the occurrence limitations period.

■ While we agree with the circuit court that "[s]tatutes of limitation are arbi-

trary and unfair," *Faris,* 103 S.W.3d at 4, "the negligence of a second attorney [does] not relieve the first [attorney] who [was] also negligent[,] from the consequences of [his] wrongdoing." *Michels,* 869 S.W.2d at 732.

> [The discovery rule] presumes that a cause of action has accrued, *i.e.,* both negligence and damages has occurred, but that *it has accrued in circumstances where the cause of action is not reasonably discoverable,* and it tolls the running of the statute of limitations until the claimant knows, or reasonably should know, that injury has occurred.

*Id.* (emphasis supplied).

Lane's cause of action accrued when Grady failed to file her writ and the Sixth Circuit's judgment became final in November 2003. But, based on the record before us, her reasonable reliance on Grady's representations prevented her from discovering the accrual until she received the December 2004 letter from Grady's law firm informing her of his failure to file the writ. Therefore, Lane's November 2005 complaint was timely filed and not barred by KRS 413.245.

For the foregoing reasons, the judgment of the Laurel Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

ALL CONCUR.